IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELONZA JESSE TYLER,

        Plaintiff,                     No. CIV S-06-0861 DFL GGH P

   vs.

DIANA K. BUTLER, Warden, et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The complaint states a colorable claim for relief against defendant Diana Butler pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

Plaintiff also names as a defendant Edward Alameida, now a former Director of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff alleges that since September 4, 2003, he has been in pain and undergoing medical treatments to try and restore full use of his legs, after an injury he sustained to his left knee while at his work station at California State Prison (CSP)-Folsom. Complaint, p. 9. As plaintiff waited for the large (dishwashing) tank to fill up, the inmate filling the tank was not being supervised and left his work area. Id., at 10. The high pressure hot water hose became unattached from the tank, lifted up out of control, and sprayed hot, scalding water directly at plaintiff and another inmate (named Smith). Id. When plaintiff and Smith moved quickly to avoid being scorched, plaintiff slipped on the wet floor, fell down and injured his left knee which caused him pain and swelled immediately, which pain and swelling continued thereafter. Id., at 10-11. Plaintiff alleges that his injury was caused by the deliberate indifference and/or the negligence of defendant prison officials at CSP-Folsom, none of whom he names with the exception of former warden Butler, all of whom, he avers, knowingly failed to install a high-pressure waterhose safety fixture to secure the hot water high pressure hose inside the dishwashing utility tank. Id., at 11. Plaintiff claims that his rights under the Eighth Amendment were violated when prison officials acted with deliberate indifference to hazardous working conditions to which plaintiff was subjected. Id., at 12. Plaintiff contends that due to prison officials' negligence, plaintiff has suffered additional pain and suffering and has lost the use of both legs because of the presence of severe osteoarthritis in both knees, apparently brought on by the accident. Id., at 11. Plaintiff contends that surgery he has had to his left knee has been ineffective, subjected him to additional unnecessary pain and prolonged deterioration of his health over-all. Id.

Plaintiff appears to have named defendant Alameida largely in his supervisorial capacity and simply because he was the CDCR Director. The Civil Rights Act under which this action was filed provides as follows:

\\\\\

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff does not name any prison staff who might have been involved in the actual incident at issue; i.e., any prison official responsible for the monitoring of the hot water flow to the dishwashing tank, failing to link his allegations of deliberate indifference to any individual, other than to allege that defendant Butler was responsible for implementation of policies and procedures affecting safe working conditions. Allegations of negligence do not set forth a constitutional violation. In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish

/////

4

"deliberate indifference." Of course, negligence is insufficient. Farmer, 511 U.S. at 835, 114 S. Ct. at 1978. However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient. Id. at 836-37, 114 S. Ct. at 1979. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842, 114 S. Ct. at 1981.

It is nothing less than recklessness in the criminal sense––a subjective standard––disregard of a risk of harm of which the actor is actually aware. Id. at 838-842, 114 S. Ct. at 1979-1981. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837, 114 S. Ct. at 1979. Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847, 114 S. Ct. at 1984. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842, 114 S. Ct. at 1981. If the risk was obvious, the trier of fact may infer that a defendant knew of the risk. Id. at 840-42, 114 S. Ct. at 1981. However, obviousness per se will not impart knowledge as a matter of law. Plaintiff's claims against defendant Alameida will be dismissed but plaintiff will be granted leave to amend.

Plaintiff purports also to have brought this complaint under the Americans with Disabilities Act (ADA). Plaintiff may bring a claim pursuant to Title II of the ADA against state entities for injunctive relief and damages. See Phiffer v. Columbia River Correctional Institute, 384 F.3d 791 (9th Cir. 2004); Lovell v. Chandler, 303 F.3d 1039 (9th Cir. 2002). Plaintiff seeks money damages and declaratory relief. He may seek money damages against state entities under the ADA; however, he cannot seek damages pursuant to the ADA against the defendants in their individual capacities. Eason v. Clark County School Dist., 303 F.3d 1137, 1144 (9th Cir. 2002), citing Garcia v. S.U.N.Y. Health, 280 F.3d 98, 107 (2d Cir. 2001). Accordingly, plaintiff claims against individual defendants under the ADA must be dismissed because plaintiff has not named a proper defendant.

1    Moreover, Title II of the ADA prohibits a public entity from discriminating
2 against a qualified individual with a disability on the basis of a disability.  42 U.S.C. § 12132
3 (1994); Weinrich v. L.A. County Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997).  To
4 state a claim under Title II, the plaintiff must allege four elements: 1) the plaintiff is an individual
5 with a disability; 2) the plaintiff is otherwise qualified to participate in or receive the benefit of
6 some public entity's services, programs, or activities; 3) the plaintiff was either excluded from
7 participation in or denied the benefits by the public entity; and 4) such exclusion, denial of
8 benefits or discrimination was by reason of the plaintiff's disability.  Weinrich, 114 F.3d at 978.
9 In this case plaintiff has set forth a claim based on an injury arising from unsafe working
10 conditions in prison to which prison officials were deliberately indifferent.  The relevance of the
11 ADA in this context is not made clear; moreover, plaintiff has not sued a proper defendant and
12 has not set forth how he has been denied the benefit of any service or program based on a
13 disability.  His ADA claims are dismissed with leave to amend.
14    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
15 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
16 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
17 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
18 there is some affirmative link or connection between a defendant's actions and the claimed
19 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
20 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
21 allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board
22 of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
23    In addition, plaintiff is informed that the court cannot refer to a prior pleading in
24 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
25 amended complaint be complete in itself without reference to any prior pleading.  This is
26 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's claims brought pursuant to the ADA and his claims against defendant Alameida are dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that this defendant and the ADA claims be dismissed from this action.

4. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: 10/23/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
tyle0861.b1nf

7