IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELONZA JESSE TYLER,

      Plaintiff,                      No. CIV S-06-0861 JAM GGH P

    vs.

DIANA K. BUTLER, et al.,

      Defendants.         ORDER

_____/

Introduction

       Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's January 17, 2008, motion to compel discovery responses, to which defendants filed an opposition on February 7, 2008.

Amended Complaint

       This action proceeds on the amended complaint, filed on 11/22/06,[1] against defendants employed at Folsom State Prison (FSP): former Warden Diana K. Butler; Correctional Sgt. S. Johnson; Correctional Officer (C/O) Tuggle; C/O D. Ramirez; and C/O P. Cordero. Plaintiff contends that on September 4, 2003, while he was working at his assigned

---

[1] The original complaint was filed on 4/21/06; certain claims and a defendant was dismissed with leave to amend by Order, filed on 10/24/06 (# 5).

1

work station in the culinary department, waiting for a large dish washing tank to fill with hot water, under the direct supervision of defendants Tuggle, Ramirez, Cordero and Johnson, a high pressure hot water hose became unattached from the tank, lifting up and out of control spraying scalding water directly at plaintiff, and at another inmate, named Smith. Amended Complaint (AC), p. 8. Plaintiff (and the other inmate) moved quickly to avoid being scorched by hot water from the errant hose, whereupon plaintiff slipped on the wet floor and fell, injuring his left knee, causing immediate pain and swelling. Id. Plaintiff contends that Tuggle, Ramirez, Cordero and Johnson failed to supervise the inmates assigned to the scullery area and that the unsupervised inmate filling the washing tank left his work area. Id. Plaintiff alleges that defendants knowingly failed to install a high pressure hot water hose safety device to secure the high pressure hot water hose inside the dish washing tank. Id., at 9. This omission, in combination with the failure to supervise inmates assigned to use this equipment, made serious injury or death more probable. Id.

Plaintiff alleges that defendants' were deliberately indifferent to a hazardous working condition in violation of the Eighth Amendment and the injury that resulted caused an increase in his pain and suffering because plaintiff suffers from severe osteoarthritis in both knees and has had two ineffective surgeries to his left knee with a full knee replacement scheduled. AC, pp. 9-10. He claims to have lost use of his legs and suffered an overall deterioration of his health. Id., at 9. Plaintiff also appears to be making a supplemental state law negligence claim. Id., at 10. Plaintiff also contends that defendants acted in reckless disregard for his safety. Id. Plaintiff seeks general, special and punitive damages.

Motion to Compel

The scope of discovery under Fed. R. Civ. P. 26(b)(1) is broad. Discovery may be obtained as to any unprivileged matter "relevant to the claim or defense of any party...." Id. Discovery may be sought of relevant information not admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. The court, however,

1  may limit discovery if it "....is unreasonably cumulative or duplicative," or can be obtained from
2  another source "that is more convenient, less burdensome, or less expensive"; or if the party who
3  seeks discovery "has had ample opportunity by discovery ...to obtain the information sought"; or
4  if the proposed discovery is overly burdensome. Fed. R. Civ. P. 26(b)(2)(i)(ii) and (iii).

5  Plaintiff is dissatisfied with defendants' responses to requests for production of
6  documents he served upon defendant Johnson and requests for admission he served upon
7  defendants Johnson and Tuggle. See Motion. In opposition, defendants' counsel maintains that
8  defendants provided the information that they had to that date and would provide any new
9  information that might afterward become discovered. Opposition. Defendants maintain there is
10 no basis for the discovery motion because all the information they had at the time was provided.
11 (The court observes that defendants note the discovery deadline incorrectly as being October 3,
12 2008, when that was actually - - per the scheduling order, filed on December 26, 2007 (# 23) - -
13 the <u>pretrial dispositive motion deadline</u>. Discovery closed on May 2, 2008. See scheduling
14 order).

15 In response to plaintiff's request for production no. 1 directed to defendant
16 Johnson, wherein plaintiff seeks any documentation of policies, procedures, internal
17 communications, etc., related to injuries to both staff and inmates occurring in the Folsom State
18 Prison culinary department since January 1, 2002, after interposing objections on the grounds of
19 overbreadth, irrelevance and concerns about the privacy of third parties, defendant goes on to
20 state, without waiver of objections, that he does not have possession, custody or control over any
21 such documentation but believes that they may exist (or have existed) within the California
22 Department of Corrections and Rehabilitation (CDCR). See Motion, p. 10. In his request for
23 production no. 2, plaintiff asks for documentation of grievances or complaints by inmates or staff
24 relating to slippery or hazardous working areas within FSP's culinary department to which
25 defendant Johnson posits the same objections as asserted in response to request no. 1 and then,
26 without waiving them, states unawareness as to whether there are any documents responsive to

3

the request in existence. Id., at 10-11.  In response to request no. 3, which asks for the FSP officer staff specific culinary area assignment schedule for September 4, 2003, from 2:00 p.m. to 10:00 p.m., defendant poses no objection but asserts that responsive documents which may exist or have existed are not within his possession, custody, control, but rather are within that of CDCR.  Id., at 11.  Defendant Johnson provides the same response, again without objection, to plaintiff's production request no. 4, seeking the December 10, 2003, transportation log of correctional officers in charge of plaintiff's transportation to Doctor's Hospital of Manteca, and the names of the C/O's who transported him on December 10, 2003.  Finally, in production request no. 5, plaintiff seeks the manufacturer's instruction manual/directions for the use of tanks or tubs used for washing pots and pans in the main scullery area, to which defendant once again demurs, but without objection, stating he does not possess such documents and is unaware whether they have ever existed.

Although plaintiff purports to sue the defendants herein in their individual and official capacities, he seeks only money damages and no form of prospective injunctive relief.  Plaintiff is barred from proceeding against these defendants in their official capacities on claims for money damages because such a suit is in essence a claim for money damages against the state. The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  The State of California not having consented to suit, therefore, this action must be construed as proceeding against the defendants only in their individual capacities.

Defendant Johnson is, or at the relevant time was, a correctional sergeant at Folsom State Prison.  It would neither be likely nor appropriate that he would have within his personal possession documents responsive to the above requests, nor is it likely, in his individual capacity, that he would have access to documentation that is within the possession, custody or

control of CDCR. Thus, while the production sought might well be relevant to demonstrate whether or not defendant Johnson has been deliberately indifferent to plaintiff's safety, the court cannot direct production of documents to which the defendant reasonably represents that he has no access.

As to defendant Johnson's and Tuggle's responses to plaintiff's requests for admission which plaintiff has attached to his motion, plaintiff's putative admission requests, rather than framed as requests to admit the truth of "facts, application of law to fact, opinions about either" and "the genuineness of any described documents,"[2] are actually interrogatories, and defendants are correct that they improperly call for a narrative response not contemplated by Fed. R. Civ. P. 36. However, plaintiff is proceeding pro se, and the court will now direct the defendants to construe the requests for admission served upon them as interrogatories, and viewed in that light, to conduct a reasonable investigation in response to the interrogatories and, to provide further substantive responses, as available to them, within twenty days. For example, where defendant Tuggle, in response to a question about whether he supervised plaintiff in the FSP scullery in 2003, states that he worked different assignments, had a changing daily schedule and cannot confirm or deny the request, or as to another request, wherein he represents that he lacks knowledge or information as to whether or not he was assigned to the (FSP) culinary department on the night of September 4, 2003, he must undertake to discover whether any records to which he has access could provide the information. This same admonition applies to defendant Johnson's responses.

The court will re-open discovery for the limited purpose of having defendants provide discovery responses, as set forth above, within twenty days, the motion is otherwise denied.

\\\\\

---

[2] Fed. R. Civ. P. 36(a)(1).

1  Accordingly, IT IS HEREBY ORDERED that plaintiff's January 17, 2008 (# 24), motion to compel discovery is denied in part and granted in part: denied regarding the production of documents from defendant Johnson, and granted as to further responses to the requests for admission, construed as interrogatories, directed to defendants Johnson and Tuggle, as set forth above, within twenty days of the date of this order.

DATED: 09/24/08

/s/ Gregory G. Hollows

_____
UNITED STATES MAGISTRATE JUDGE

GGH:009
tyle0861.mtc